SUCCESSORS OF F. FONT & CO., Plaintiffs and Appellants. *v.* LÓPEZ BROTHERS, Defendants and Appellees.

No. 3913.   Argued November 10, 1926.—Decided February 18, 1927.

*J. Texidor* and *R. Castro Fernández* for the appellants. *Monserrat* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an injunction proceeding to enjoin the defendants from using certain trade-marks.

The firm of F. Font & Brother, since 1891 when it was established, had as one of its main lines of business the sale of Italian paste "from Magin-Quer, manufacturer, of Barcelona, Spain," which business has been continued by the plaintiff partnership Successors of F. Font & Brothers as successor to the various partnerships mentioned in the complaint and which succeeded each other since the establishment of the original firm in the said year.

From 1900 and in connection with said business of Italian paste the firm of F. Font & Brother and subsequent firms including plaintiff have been using two trade-marks, the main and distinguishing characteristics of which are a Greek or Geneva Red Cross on a white ground. Plaintiff secured on the 25th of September, 1923, the registration of said trade-marks in the office of the Executive Secretary of Porto Rico under numbers 1577 and 1578.

Plaintiff likewise alleged that for several years the defendant partnership had been dealing in this Island in the business of manufacturing and selling Italian paste, which is a similar article to that sold by plaintiff, and for some years defendant has been using in said business a trade-mark the essential characteristics of which are a Malta Red Cross on a white ground, thus causing mistakes and confusion in the mind of the public and greatly injuring plaintiff's business. It is also alleged that the defendant partnership maliciously and with intent to defraud plaintiff's vested rights adopted in connection with its paste business a Greek or Geneva Red Cross as a trade-mark, and that on the 20th of May, 1923, they applied to the Executive Secretary for the registration of said trade-mark, which was denied, but that later they secured said registration under No. 1414, substituting the symbol of the Greek or Geneva Red Cross by that of the Malta Red Cross.

Defendant demurred to the complaint on the ground of lack of cause of action and, on the demurrer being overruled, answered denying the essential facts of the complaint, and pleaded among other defenses that plaintiff is not the owner of the trade-marks it has been using in connection with its business of selling Italian paste, because said trade-marks are owned by another person who has used and is now using them in his business.

The court finally decided the case by dismissing the complaint, and the only ground for its decision was a certain discrepancy between the trade-marks of the two parties.

Although the appellant points out in its brief the commission of several errors regarding the objective appreciation made by the judge below when comparing the trade prints, there is, in our judgment, a fundamental question raised by defendant in its argument. We refer to its contention that plaintiff is not the owner of the trade-marks used by it in its Italian paste business.

The demurrer on the ground of lack of cause of action does not seem to have been the proper pleading. If it so appeared from the complaint it would rather be a case of legal capacity to sue. The evidence, however, as a matter of fact, proves that averment as alleged by defendant in its answer.

Magin-Quer is the manufacturer of Italian paste sold by plaintiff. It appears from the proceeding before the Executive Secretary of Porto Rico for the registration of the trade-mark used by plaintiff that there arose a certain difficulty for its registration because of the production of an affidavit of May 6, 1922, from said manufacturer where it was stated in connection with said trade-marks that he was a resident of Barcelona, Spain, where is situated his Italian paste factory, and that he had adopted them for his product and had used them for thirty years. This statement clearly established the patent rights of Magin-Quer, manufacturer of

Italian paste, who had adopted said trade-marks to identify and increase the reputation of his business; although later on it seems that plaintiff overcame the difficulty of establishing its patent rights in the registry by means of another affidavit made by Magin-Quer on April 3, 1923, in which it is stated that he had had business relations with Successors of F. Font & Brother, of San Juan, Porto Rico; that since then he had been exporting his paste to this Island consigned to Successors of F. Font & Brother and that the latter had since 1900 adopted for their use the two commercial prints which they describe, to wit, the same trade-marks used by affiant, it being added only below the labels the following: "Manufactured especially for Successors of F. Font & Brother, San Juan, Porto Rico, net weight 400 grs. Made in Spain." The registration of said trade-marks in the name of plaintiff was made on the strength of said affidavit.

If this evidence was not doubtful for plaintiff to establish thereon its patent rights to the trade-marks in controversy, all doubt is dispelled by the testimony of Agustín Peña Pacheco one of the managing partners of the plaintiff firm whose testimony in its pertinent part reads as follows:

"Q.—Do you know whether this trade-mark, that of Magin-Quer, is used all over the Island? A.—As a rule, in San Juan. Q.—Is it sold in Ponce or Mayagüez? A.—No, Sir, we are its agents and we only sell here. Q.—Does the firm owning the paste sell here? A.— No, Sir, we have the agency. Q.—Do you sell only in San Juan? A.—And in the neighborhood of Santurce. Q.—Do you know whether it is exported to other countries? A.—Not in Porto Rico; I do not know as regards other countries. Q.—Do you not know whether it is exported to other countries? A.—I do not know; but in Porto Rico we are the only agents."

The evidence as a whole is clear on this point. Plaintiff as well as its business predecessors were only general agents of the manufacturer Magin-Quer for the importation and sale of his Italian paste in Porto Rico. And as this is the only qualification of plaintiff in connection with such products

of foreign manufacture, it is not entitled to the remedy sought and the judgment appealed from must be affirmed, without special pronouncement of costs.

Mr. Justice Hutchison took no part in the decision of this case.